FARMERS' NATIONAL BANK OF HENDRICKS, MINNE-
SOTA, Appellant, v. HAUGER et al, Respondents.

(205 N. W. 384.)

(File No. 5595.   Opinion filed October 2, 1925.)

1.  **Appeal and Error—Findings—Insufficiency of Evidence to Justify
     Finding Not Reviewed Where Particulars Are Not Specified.**

   Insufficiency of evidence to justify finding cannot be reviewed
   where appellant fails to specify particulars wherein evidence is
   insufficient, as required by Rev. Code 1919, Sec. 2546.

2.  **Banks and Banking—Findings—Appeal and Error—Judgment for
     Bank in Action Against It and Former Cashier for Money
     Received Held Supported by Findings.**

   In action against bank and former cashier for money had
   and received, court's finding that money was loaned to cashier
   personally and not to bank held to support judgment for bank
   against plaintiff.

Appeal from Circuit Court, Deuel County; Hon. W. N.
Skinner, Judge.

Action by the Farmers' National Bank of Hendricks, Minn.,
against O. C. Hauger and the Astoria State Bank.  From a judg-
ment for defendant bank and an order denying new trial, plaintiff
appeals.  Judgment and order affirmed.

*Johnson & Schaefer,* of Ivanhoe, Minn., for Appellant.
*J. N. Johnson,* of Canby, Minn., for Respondent.

GATES, J.  This action was brought against defendant bank
and Hauger, its former cashier, for money had and received.
Trial by the court.  Findings and judgment for plaintiff as against
Hauger.  Findings and judgment for defendant bank as against
plaintiff.  Plaintiff appeals from the judgment and from an order
denying new trial.  The detailed facts are unnecessary to an un-
derstanding of the case.  They show a series of sordid banking
transactions on the part of Hauger while cashier of respondent
bank resulting in the putting of appellant's money, together with
money of respondent bank, into some North Dakota land, the title
to which was afterwards transferred to respondent.

[1]  The trial court found that the money of plaintiff was
loaned to Hauger as a personal transaction and not to respondent.
Section 2546, Rev. Code 1919, says:

"If the party is relying upon the insufficiency of the evidence to justify the verdict, finding or other decision, he shall specify the particulars wherein such evidence is claimed to be insufficient."

This was not done; hence this court is powerless to review that question.

[2]  The sole question before us is whether the findings support the judgment. We think without doubt that they do.

The judgment and order appealed from are affirmed.

Note.—Reported in. 205 N. W. 384. See. Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-No. 231(8), 3. C. J. Sec. 749; (2) Banks and Banking, Key-No. 229, 7 C. J. Sec. 569.